UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MARIO PUENTE,<br>Defendant. | Case No. 24CR2564-AGS<br>I N F O R M A T I O N<br>21 U.S.C. § 841(a)(l) - Possession of Controlled Substances with Intent to Distribute; 18 U.S.C. § 922(g)(1) - Felon in Possession of a Firearm and Ammunition ; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) - Criminal Forfeiture |

The United States Attorney charges:

COUNT 1

On or about November 9, 2023, within the Southern District of California, defendant MARIO PUENTE knowingly and intentionally possessed with intent to distribute 5 grams and more, to wit: approximately 25.94 grams of methamphetamine (actual), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

//

//

COUNT 2

On or about November 9, 2023, within the Southern District of California, defendant MARIO PUENTE knowingly and intentionally possessed with intent to distribute 40 grams and more, to wit: approximately 44.69 grams, of a mixture and substance containing a detectable amount of amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT 3

On or about November 9, 2023, within the Southern District of California, defendant MARIO PUENTE, knowing he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess the following firearm and ammunition, in and affecting interstate and foreign commerce:

i. a Savage Arms Corporation, Stevens Model 87A, .22 caliber rifle;

ii. approximately 16 rounds of .22 caliber ammunition of various manufacture;

iii. approximately two Estate 12-gauge shotgun shells; and

iv. one round of Winchester .45 caliber ammunition.

in violation of Title 18 United States Code, Sections 922(g)(1) and 924(a)(2).

//

//

Forfeiture Allegations

1. The allegations set forth in Counts 1 through 3 above are incorporated herein for purposes of alleging forfeiture to the United States pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c).

2. Upon conviction of one and more of the felony offenses set forth in counts 1 and 2, which offenses are subject to imprisonment for more than one year, and pursuant to Title 21, United States Code, Section 853, defendant shall forfeit to the United States all property, constituting and derived from any proceeds obtained directly and indirectly as a result of the violations and any property used and intended to be used, in any manner and part, to commit and to facilitate the commission of the violations. The property to be forfeited includes, but is not limited to: a Savage Arms Corporation, Stevens Model 87A, .22 caliber rifle; approximately 16 rounds of .22 caliber ammunition of various manufacture; approximately two Estate 12-gauge shotgun shells; and one round of Winchester .45 caliber ammunition.

3. Upon conviction of one and more of the offenses set forth in Counts 1 through 3, and pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), defendant shall forfeit to the United States of America all firearms and ammunition involved in the offenses. The firearms and ammunition to be forfeited include, but are not limited to: a Savage Arms Corporation, Stevens Model 87A, .22 caliber rifle; approximately 16 rounds of .22 caliber ammunition of various manufacture; approximately two Estate 12-gauge shotgun shells; and one round of Winchester .45 caliber ammunition.

4. If as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to forfeit substitute property, up to the value of the property described above.

DATED: December 3, 2024

TARA K. MCGRATH
United States Attorney

/s/ Keith D. Ellison
KEITH D. ELLISON
Assistant U.S. Attorney